IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANS HAROLD ANDERSEN, ) | |
| ) | |
| Plaintiff, ) | 8:11CV93 |
| ) | |
| vs. ) | ORDER |
| ) | |
| MIDLAND LUTHERAN COLLEGE, ) | |
| n/k/a Midland University, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's Motion to Dismiss (Filing No. 8). The defendant filed a brief (Filing No. 9) and an index of evidence (Filing No. 10) in support of the motion. The defendant seeks an order dismissing Count VI of the plaintiff's complaint,[1] which alleges the defendant retaliated against the plaintiff by offering to conditionally readmit him in the nursing program to allow him to finish his course work, in exchange for a complete release of his claims against the defendant. See Filing No. 9 - Brief p. 1. The defendant argues Count VI fails to state a claim of retaliation because under Federal Rule of Evidence 408, offers to settle are inadmissible to prove liability. *Id.* The plaintiff did not file a response.

BACKGROUND

The plaintiff filed this case on March 14, 2011, stemming from the defendant's dismissal of the plaintiff as a student. See Filing No. 1 - Complaint. Generally, the complaint alleges the following facts. The plaintiff attended the defendant's nursing program in the Fall of 2009, as a male student with a learning disability, Attention Deficit Hyperactivity Disorder (ADHD). *Id.* ¶¶ 19, 29. The defendant knew about the plaintiff's disability and discriminated against him based on his disability by prohibiting him from talking in class. *Id.* ¶ 22. Further, the defendant's staff verbally attacked and belittled the

---

[1] Although the complaint lists only five causes of action, there is no count four, resulting in listing the final count as the sixth. See Filing No. 1 - Complaint.

plaintiff based on the disability. *Id.* ¶¶ 22-24. Additionally, the defendant treated the plaintiff differently than female students by not allowing him to participate in all aspects of the nursing program, specifically maternal and pediatric clinical assessments. *Id.* ¶ 29. The plaintiff was also harassed, on the basis of his gender and disability, by other students when, for example, they slapped and grabbed his buttocks or grabbed his table causing him an elbow injury. *Id.* ¶¶ 31-34. Subsequently on February 16, 2010, the plaintiff approached a professor to discuss frustration about the poor treatment. *Id.* ¶ 38. The plaintiff was "immediately dismissed . . . without cause" from the nursing school due to his "severe anxiety," which may be attributable to his suffering ADHD. *Id.* ¶¶ 25-26, 38.

Three days later, the plaintiff returned to talk to a school counselor as requested by the defendant, however the counselor admitted he (the counselor) did not have the credentials to complete the particular assessment of the plaintiff. *Id.* ¶ 39. For this and other reasons, the plaintiff did not participate. *Id.* Later, the plaintiff met with a disciplinary committee to discuss his status at the nursing school. *Id.* ¶ 40. At the meeting, the plaintiff was asked inappropriate and irrelevant personal questions, which he refused to answer. *Id.* The committee refused to give the plaintiff a form to file a grievance. *Id.* The plaintiff was given a notice of dismissal, immediately revoking his privilege to be on campus and complete his degree. *Id.* ¶¶ 40-41. On June 22, 2009, the defendant's president, Dr. Benjamin E. Sasse, wrote to the plaintiff indicating the defendant was prepared to offer the plaintiff readmission to the nursing school on certain conditions, including that the plaintiff complete a release of all claims against the defendant and take his two remaining courses in an online format. *Id.* ¶¶ 44-48.

Based on these allegations, the plaintiff raises claims under 42 U.S.C. § 1983 for discrimination based on disability (Count I) and gender (Count II), acting with deliberate indifference to known sexual harassment (Count III), and two retaliation claims (Counts V and VI). **See** Filing No. 1 - Complaint. Both retaliation claims allege the defendant retaliated against the plaintiff after he attempted to raise concerns with the defendant about acts of discrimination and harassment. *Id.* ¶¶ 41, 50. The first retaliation claim (Count V) alleges the defendant's act of retaliation was dismissing the plaintiff as a student at the nursing school. *Id.* ¶ 41. The second retaliation claim (Count VI) alleges the defendant's

act of retaliation was conditioning the plaintiff's readmission to the nursing school on his release of all claims against the defendant and his enrollment in only online courses. *Id.* ¶ 50.

The defendant seeks dismissal of Count VI, arguing it fails to state a claim of retaliation because the only evidence available to support the claim is the defendant's offer of settlement letter. **See** Filing No. 9 - Brief p. 1. The defendant asserts the letter was an attempt to negotiate a settlement between the parties. *Id.* at 2. Therefore, the defendant contends the letter cannot be used to support the claim because, under Federal Rule of Evidence 408, offers to settle are inadmissible to prove liability. *Id.* at 1.

## ANALYSIS

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 556 n.3 (2007) (**quoting** Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" ***Erickson v. Pardus***, 551 U.S. 89, 93 (2007) (**quoting** *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (stating the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully). Thus, the court

must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b). *Twombly*, 550 U.S. at 558; *Iqbal*, 129 S. Ct. at 1950 (noting "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

The defendant does not dispute whether the plaintiff's claim has facial plausibility, but contends the plaintiff cannot support his claim based on the type of evidence necessary to support it. The type of evidence at issue is a letter containing an offer of settlement. The admissibility of settlement letters is addressed by Federal Rule of Evidence 408, which provides

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408.

The defendant relies on *Kratzer v. Collins*, 295 F. Supp. 2d 1005, 1017 (N.D. Iowa 2003) in which the court granted summary judgment finding the plaintiff failed to demonstrate how the specific terms of the offer of settlement qualified as retaliation under the circumstances. Rather than evidence of retaliation, the *Kratzer* court determined the

offer of settlement "fit squarely within the definition of an 'effort to compromise a claim,' under Federal Rule of Evidence 408." *Kratzer*, 295 F. Supp. 2d at 1017.

"[T]he literal language of Rule 408 broadly declares that '[e]vidence of conduct or statements made in compromise negotiations is likewise not admissible.'" *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.*, 111 F.3d 1284, 1293 (6th Cir. 1997). "But Rule 408 excludes evidence of settlement offers only if such evidence is offered to prove liability for or invalidity of the claim *under negotiation*. To the extent that the evidence is offered for another purpose . . . the evidence is admissible." *Vulcan Hart Corp. v. N.L.R.B.*, 718 F.2d 269, 277 (8th Cir. 1983) (emphasis added). "Negotiation evidence has been admitted when the probative value was high and admission would not be likely to discourage settlement of future disputes." *Sterling Sav. Bank v. Citadel Dev. Co.*, 656 F. Supp. 2d 1248, 1255-56 (D. Or. 2009) (listing cases).

> [C]ourts have held that Rule 408 is . . . inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions; e.g., libel, assault, breach of contract, unfair labor practice, and the like. . . . Rule 408 does not prevent the plaintiff from proving his case; wrongful acts are not shielded because they took place during compromise negotiations.

*Uforma/Shelby*, 111 F.3d at 1293 (**quoting** 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5314 (1st ed. 1980)) (emphasis omitted). More specifically, "such correspondence can be used to establish an independent violation (here, retaliation) unrelated to the underlying claim which was the subject of the correspondence (race discrimination)." *Carney v. American Univ.*, 151 F.3d 1090, 1095-96 (D.C. Cir. 1998) (holding settlement correspondence admissible where not used to prove the University discriminated against the plaintiff, but to show the University committed an entirely separate wrong by conditioning her benefits on a waiver of her rights); **see** *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (evidence of settlement negotiations admissible to prove retaliatory motive).

The defendant argues Dr. Sasse's letter, as a settlement offer, is patently inadmissible under Rule 408 as evidence of liability or retaliation. The case law cannot be

5

read so broadly. Moreover, relevant case law and the plain language of Rule 408 exclude evidence of settlement offers only if such evidence is offered to prove liability for or invalidity of the claim under negotiation. The settlement offer in ***Kratzer*** was not inadmissible only because it was a settlement offer, the court also found the letter did not constitute evidence of retaliation. An admissibility determination based on the nature and effect of the terms of Dr. Sasse's letter is premature upon review of a motion to dismiss. At this time, the plaintiff need not demonstrate how the specific terms of the offer of settlement qualify as retaliation under the circumstances. The plaintiff need only plead enough facts to state a claim for relief that is plausible on its face. The court finds enough factual matter, taken as true, to suggest discovery may reveal evidence of the elements of the plaintiff's retaliation claim.

The plaintiff presents Dr. Sasse's letter, not to show liability for the underlying claims, but for another purpose – that is to establish an independent violation constituting retaliation unrelated to the underlying claims which were the subject of the correspondence. Because Dr. Sasse's letter is not necessarily inadmissible on the plaintiff's retaliation claim, as alleged in Claim VI, the defendant's motion will be denied. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Dismiss (Filing No. 8) is denied.

DATED this 8th day of July, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.