IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANS HAROLD ANDERSEN, | |
| Plaintiff, | 8:11CV93 |
| vs. | |
| MIDLAND LUTHERAN COLLEGE, n/k/a MIDLAND UNIVERSITY, | ORDER |
| Defendant. | |

This matter is before the court on the defendant's Motion in Limine (Filing No. 66). The defendant filed a brief (Filing No. 67) in support of the motion. The plaintiff filed a brief (Filing No. 69) in opposition. The defendant filed a brief (Filing No. 70) in reply.

## BACKGROUND

This case arises from Hans Harold Andersen's (Andersen) dismissal from Midland Lutheran College (Midland). See Filing No. 1 - Complaint ¶¶ 19, 23. Andersen was a nursing student at Midland from January 2007 to February 2010. *Id.* Andersen alleges he was discriminated against due to his disability, Attention Deficit Hyperactivity Disorder (ADHD). *Id.* ¶¶ 17-26. Andersen alleges Midland retaliated against Andersen by dismissing him and not allowing him to return to Midland without releasing all claims against Midland. *Id.* ¶¶ 35-50. Andersen alleges that, as a direct result of Midland's acts, he suffered irreparable harm due to the loss of indispensable time in achieving his education, lost earnings, humiliation, and emotional distress. *Id.* ¶ 51. Midland denies Andersen suffered discrimination or retaliation. See Filing No. 4 - Answer ¶¶ 17-50.

## ANALYSIS

"A motion in limine is a request for the court's guidance concerning an evidentiary question." ***Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank***, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). In a preliminary ruling, a trial judge has inherent authority, as part of managing the course of a trial, to rule on motions in

limine, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A trial judge has broad discretion when ruling on motions in limine. **See** *Black v. Shultz*, 530 F.3d 702, 707 (8th Cir. 2008). "However, evidence may be excluded on a motion in limine only when the evidence is inadmissible on all potential grounds." *Euroholdings Capital*, 602 F. Supp. 2d at 934. The burden of establishing the inadmissibility of evidence is on the party moving to exclude evidence. *Id.* Federal Rule of Evidence 408 (Rule 408) provides:

> (a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

The parties' dispute surrounds Benjamin Sasse's, Ph.D. (Dr. Sasse) letter to Andersen offering Andersen readmission to complete his nursing degree requirements. **See** Filing No. 45-1 p. 106-107 - Dr. Sasse's June 25, 2010, Letter.[1] Dr. Sasse noted "the offer [of readmission] is made in recognition of [Andersen's] previous quality academic record. . . ." *Id.* Neither party suggests additional settlement communication exists.

Midland seeks to preclude Andersen from presenting all evidence of or argument about negotiations and offers to compromise between the parties and all proceedings

---

[1] The court utilizes the parties' pagination using the "App." number in the bottom right corner of Midland's exhibit.

2

before the United States Department of Education (DOE)[2]. **See** Filing No. 66 - Motion. Midland argues Rule 408 prohibits the admission of Dr. Sasse's June 25, 2010, letter. **See** Filing No. 67 - Brief p. 1-4.  Midland argues the letter sent to Andersen was made in an attempt to settle Andersen's claims against Midland as part of compromise negotiations. *Id.* at 3.  Midland argues Andersen's reasons for offering the letter is to show pretext for discrimination, which is an element of Andersen's claim. *Id.* Midland argues its readmission offer constitutes consideration necessary to make a valid settlement offer. **See** Filing No. 70 - Reply p. 2-4.  Midland argues in order for an offer to lack consideration, the party's entitlement to the relief offered in a settlement communication must be indisputable and Andersen's right to readmission was not indisputable. *Id.*  Midland further argues Rule 408(b) exceptions do not apply. **See** Filing No. 67 - Brief p. 1-4.  Midland argues Andersen has not shown how the settlement communication shows a witness's bias or prejudice.  **See** Filing No. 70 - Reply p. 4-5.

Andersen argues Rule 408 is not applicable to the letter Andersen received from Midland because the offer lacked consideration.  **See** Filing No. 69 - Response p. 2. Andersen argues Midland's readmission offer in exchange for a release of Andersen's claim against Midland is not consideration because Andersen is legally entitled to readmission. *Id.* at 3-4.  Alternatively, Andersen argues the letter is admissible under Rule 408(b) exceptions. *Id.* at 4-5.  Andersen argues the letter is being offered to show witnesses' bias or prejudice. *Id.* at 7.  Andersen also argues the letter is being offered to show whether Midland's academic judgment departed from academic norms. *Id.* at 8-9.  Lastly, Andersen argues the letter is being offered to show Midland's mental state. *Id.* at 10.  Andersen argues the evidence is probative in determining whether Andersen was otherwise qualified to be a nurse in the minds of Midland administrators. *Id.*

The June 25, 2010, letter qualifies as a settlement offer under Rule 408. Midland's offer includes valuable consideration:  an offer of readmission.  Andersen argues Dr. Sasse's letter does not constitute a settlement offer because Andersen was offered something to which he had a previous right to, his admission to Midland's

---

[2] Andersen does not contest that evidence pertaining to the DOE investigation and resolution is not relevant to the current case.  **See** Filing No. 69 - Response p. 2.  Andersen "stipulates that no evidence is currently being sought to be entered that pertains to the DOE complaint." *Id.*

nursing program. Andersen cites two cases wherein courts found agreed-upon settlement agreements lacked consideration because the offerees were offered something to which they were legally entitled. **See** *Burns v. N. Pac. Ry . Co.*, 134 F.2d 766, 770 (8th Cir. 1943) (earned wages); *Spiering v. City of Madison*, 863 F. Supp. 1065 (D. S.D. 1994) (indisputable right to maintain position in employment and exercise right to free speech).

In *Burns*, the plaintiff, a dining car steward, was summoned to St. Paul, Minnesota, for an investigation into conduct which led to Burns' dismissal from the railroad. *Burns*, 134 F.2d at 767-69. After the investigation, the railroad discharged Burns, retroactively effective the day before he was summoned. *Id.* Burns requested his wages and expenses for the period between the summoning and discharge but the railroad refused. *Id.* After Burns filed a grievance, the railroad insisted Burns sign a release of all claims against the railroad in exchange for his wages earned and expenses incurred before he was actually discharged. *Id.* Burns then filed suit against the railroad for wrongful discharge. *Id.* The railroad contended Burns released all claims. *Id.* The court found the release invalid. *Id.* at 770-71. The court held "refusal to pay an undoubted obligation when due [to a discharged employee] is not a basis for such a dispute as to constitute a consideration for settlement by way of compromise of another claim not included in the obligation. There must have been an actual bona fide difference or dispute between the parties." *Burns*, 134 F.2d at 770.

In *Spiering*, a police captain faced termination for exercising First Amendment rights and signed an agreement accepting a demotion in an effort to remain employed. *Spiering*, 863 F. Supp. at 1073. Spiering subsequently sued claiming the defendants violated his First Amendment rights when they demoted him from his captain position. *Id.* The court found the railroad disciplined Spiering solely because Spiering exercised his clearly established First Amendment right as a public employee to participate in political process. *Id.* at 1071. The court determined the agreement Spiering signed lacked consideration and Spiering did not waive his right to sue the defendants because Spiering had an "indisputable right" to remain in the captain's position and exercise his right to speech. *Id.* at 1073-75. The court held "[c]onsideration for a release requires

4

mutual concessions, and a release is not supported by sufficient consideration unless plaintiff received something of value to which he had no previous right." ***Id.***

Neither ***Burns*** nor ***Spiering*** address evidentiary issues.  Further, the plaintiffs in ***Burns*** and ***Spiering*** had already signed settlement agreements.  The disputes in these cases concerned whether the plaintiffs forfeited their rights to file suit against the defendants because the plaintiffs signed release agreements.  In contrast to ***Burns*** and ***Spiering***, Andersen's readmission to Midland is not an "undoubted obligation" or "indisputable right."  Andersen's belief that he is entitled to readmission does not render Midland's offer without consideration and is not a proper basis to admit settlement communications under Rule 408.  To admit Midland's settlement offer would violate Rule 408 and its purpose to further "the public policy favoring the compromise and settlement of disputes."  **See** Fed. R. Evid. 408 advisory committee's note.  Therefore, Rule 408 bars admission of Dr. Sasse's June 25, 2010, letter.

Similarly, Dr. Sasse's June 25, 2010, letter, is also inadmissible under the Rule 408(b) exceptions.  Andersen argues the letter is evidence of Midland's witnesses' bias against Andersen due to his disability, academic judgment, or mental state.  Andersen has not identified which witnesses have a bias or prejudice against Andersen or how the letter would show bias or prejudice.  Additionally, regardless of how Andersen frames the exception under Rule 408(b), as academic judgment or mental state, Andersen is attempting to admit evidence of settlement communication to show Andersen is capable of performing the essential functions of a nurse and Andersen's dismissal was a pretext for discrimination.  These are elements of Andersen's claim against Midland and Rule 408 bars admission of settlement communication to prove a claim.

**IT IS ORDERED**:

Midland's Motion in Limine (Filing No. 66) is granted.

Dated this 7th day of February, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge

5